IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

   v.

CHAMELTHELE McKINNEY,

Defendant.            Case No.  11-cr-30029-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

  Before the Court is defendant Chamelthele McKinney's December 23, 2013 *pro se* motion for downward departure and sentence modification (Doc. 212).  On July 29, 2011, defendant pled guilty to Counts 1 (conspiracy to commit tax evasion), 10 (loan application fraud), and 11 (false statement), of the indictment entered against her.  On December 21, 2011, this Court sentenced defendant to 37 months on each Counts 1, 10, and 11, to be served concurrently, and entered judgment reflecting the same. The Court staggered defendant's sentence to that of her co-defendant and husband, John Quinn McKinney. Thus, her term was initially not set to begin until after her husband's release from prison (Doc. 137). However, after defendant committed retail theft, this Court revoked defendant's bond and ordered the immediate execution of her sentence, on January 3, 2013 (Doc. 209). Defendant did not appeal her criminal judgment.

Defendant now moves for a "downward departure and sentence modification." Defendant cites the Adjustments chapter of the Sentencing Guidelines, specifically § 3E1.1, Acceptance of Responsibility. *See* U.S.S.G. § 3E1.1. In reliance on Application Note 1(G), post-offense rehabilitative efforts, defendant states her participation in a drug program and general efforts at rehabilitation warrant this Court's imposition of a reduced sentence.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). Defendant effectively seeks a resentencing in reliance on 18 U.S.C. § 3582. Section 3582 provides in pertinent part,

> **(b) Effect of finality of judgment**.--Notwithstanding the fact that a sentence to imprisonment can subsequently be--
>
> > (1) modified pursuant to the provisions of subsection (c);
> >
> > (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> >
> > (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.
>
> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> > (1) in any case--

>(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>
>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*See* 18 U.S.C. § 3582.

Section 3582 does not provide this Court with the jurisdiction to entertain defendant's request. First, as to subsection (b)(2), under Rule 35, revision of arithmetical, technical, or other clear error is proper only within 14 days of sentencing, unless the prosecutor files an appropriate motion or the court of appeals remands. As none of these circumstances apply, Rule 35 is inapplicable.

Second, subsection (c)(1)(A) does not apply because defendant, rather than the Bureau of Prisons, brings this motion to reduce sentence. Subsection (c)(1)(B) is also inapplicable because modification of sentence due solely to post-conviction rehabilitation efforts is not expressly permitted by statute or Rule 35. Finally, subsection (c)(2) does not apply, as defendant has not demonstrated that she was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Thus, defendant has not presented the Court with an exception to the general rule of finality of criminal judgments. Accordingly, this Court is without jurisdiction to entertain defendant's arguments under Section 3582.[1]

On a final note, the Court informs defendant that a post-judgment motion under 28 U.S.C. § 2255[2] authorizes a district court to hear certain claims related

---

[1] Defendant also seems to rely upon U.S.S.G. § 5K2.19, Post-Sentencing Rehabilitative Efforts (Policy Statement) ("Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense[,] are not an appropriate basis for a downward departure when resentencing the defendant for that offense.), and specifically *Pepper v. United States,* 131 S. Ct. 1229 (2011) (holding when a defendant's sentence has been set aside on appeal, a district court may consider evidence of the defendant's post-sentencing rehabilitation). § 5K2.19 was deleted effective November 1, 2012, in light of *Pepper*. Regardless, defendant has not provided the Court with the authority to resentence her and thus *Pepper* is inapplicable.

[2] Section 2255 ¶ 1 authorizes a motion by a person "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States,

to a prisoner's sentence, provided the motion is timely. *See* 28 U.S.C. 2255(f). On the basis of defendant's specific arguments and because prisoners are only provided one round of collateral review, *see* 28 U.S.C. § 2255(h), the Court notes that it will not at this time characterize defendant's arguments as a collateral attack. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Recharacterizing a prisoner's *initial* post-judgment motion as a collateral attack subject to § 2255 has a potential to surprise a legal novice who may think that the motion does not jeopardize the right to one complete round of collateral review).

However, the Court warns defendant that should she file another post-judgment criminal motion, this Court may in its discretion characterize such a motion as defendant's one collateral attack.[3] Thus, defendant is advised that should she file another post-judgment criminal motion, she must include all arguments she in good-faith feels warrant her sought relief. *See Castro v. United States,* 540 U.S. 375 (2003) (holding that unless the district judge has warned the prisoner that a motion will be treated as a collateral attack, and offered the opportunity to withdraw it (or add any other issues that would be included with a motion under § 2255), the motion does not count as the one collateral attack allowed to each prisoner."). The Court **ADVISES** defendant to consult 28 U.S.C. § 2255, the FEDERAL RULES OF CRIMINAL AND CIVIL PROCEDURE and the Court's Local Rules on how to properly file such a petition should she choose to do so.

---

or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

[3] The Court notes that it does not comment at this time as to whether such a petition by defendant would be timely.

In conclusion, for the reasons stated above, defendant's "motion for downward departure and sentence modification" is **DISMISSED** for lack of jurisdiction (Doc. 212).

**IT IS SO ORDERED.**

Signed this 3rd day of January, 2014.

David R. Herndon
2014.01.03
20:19:04 -06'00'

**Chief Judge**
**United States District Court**